UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LONNIE DONELL PERKINS | CASE NO. 1:10-cv-01115-GBC (PC) |
| Plaintiff, | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| v. | |
| R. CRUM, et al., | (ECF No. 1) |
| Defendants. | FIRST AMENDED COMPLAINT DUE WITHIN THIRTY DAYS |

**SCREENING ORDER**

**I.    PROCEDURAL HISTORY**

Plaintiff Lonnie Donell Perkins ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on June 21, 2010 and consented to Magistrate Judge jurisdiction on July 26, 2010. (ECF Nos. 1 & 5.)   No other parties have appeared.

Plaintiff's Complaint is now before the Court for screening.  For the reasons set forth below, the Court finds that Plaintiff has failed to state any claims upon which relief may be granted.

**II.    SCREENING REQUIREMENTS**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which

1

relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Iqbal, 129 S.Ct. at 1949.

### III.     SUMMARY OF COMPLAINT

Plaintiff alleges violations of his Eighth Amendment right to receive adequate medical care. Plaintiff names the following individuals as Defendants: R. Crum, J.R. Garza, Everett W. Fischer, G. Williams, M. Ruff, O.C. Harris, J. Ostrander, C. Pfeiffer, C.J. Chrones, N. Grannis, and J. Batchelor. Above referenced Defendants all worked at Kern Valley State Prison. Plaintiff also lists R. Clemons, C/O at Los Angeles County at Lancaster prison.

Plaintiff alleges as follows: Defendant Clemons placed a false confidential disclosure form (CDC 1030) in Plaintiff's prison file on June 15, 2006. On August 14, 2006, Plaintiff was placed in segregation for an investigation into his alleged association with a prison gang. Defendant Crum wrote a false validation report citing four sources which Plaintiff received on that same date. Defendant Garza approved and submitted the false report on September 5, 2006. Defendants Fischer, Williams, and Ruff were on the committee that reviewed the false report and accepted all four sources as valid on October 4, 2006, validating Plaintiff as a gang member.

On February 29, 2007, Defendant Harris interviewed Plaintiff about his inmate grievance and denied the grievance. Defendant Ostrander also denied the grievance. On April 24, 2007, Defendant Pfeiffer was assigned to investigate Plaintiff's grievance at the second level of appeal, and denied it. It was also denied by Defendant Chrones. On July 24, 2007, Defendant Batchelor denied Plaintiff's appeal at the third level. It was also denied by Defendant Grannis.

Plaintiff seeks declaratory and injunctive relief, compensatory and punitive damages, and fees and costs.

## IV.   ANALYSIS

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "Section 1983 . . . creates a cause of action for violations of the federal Constitution and laws." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted).

### A.   Due Process Claim

Plaintiff alleges that his due process rights under the Fourteenth Amendment were violated by Defendants Crum, Clemons, Garza, Fischer, Williams, and Ruff.

The Due Process Clause protects prisoners from being deprived of liberty without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to state a cause of action for deprivation of procedural due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. Id. Liberty interests may arise from the Due Process Clause itself or from state law. Hewitt v. Helms, 459 U.S. 460, 466–68 (1983). The Due Process Clause itself does not confer on inmates a liberty interest in being confined in the general prison population instead of administrative segregation. See id. With respect to liberty interests arising from state law, the existence

3

1  of a liberty interest created by prison regulations is determined by focusing on the nature
2  of the deprivation. Sandin v. Conner, 515 U.S. 472, 481–84 (1995). Liberty interests
3  created by prison regulations are limited to freedom from restraint which "imposes atypical
4  and significant hardship on the inmate in relation to the ordinary incidents of prison life."
5  Id. at 484. The Court will assume without deciding that Plaintiff has alleged a liberty
6  interest in not being validated as a gang member and placed in administrative segregation.

7  Placement in administrative segregation, or the Security Housing Unit ("SHU") if
8  done for administrative rather than disciplinary purposes, requires notice to the prisoner,
9  an opportunity for the prisoner to submit information, and non-adversarial review of the
10 information supporting placement. Toussaint v. McCarthy, 801 F.2d 1080, 1100 (9th Cir.
11 1986). A prison gang validation proceeding is subject to the "some evidence" standard
12 where it is an administrative strategy rather than a disciplinary action. Bruce v. Ylst, 351
13 F.3d 1283, 1287–88 (9th Cir. 2003) (citing Superintendent v. Hill, 472 U.S. 445, 455
14 (1985)). There is no independent assessment of witness credibility or re-weighing of
15 evidence; rather "the relevant question is whether there is any evidence in the record that
16 could support the conclusion." Hill, 472 U.S. at 455–56.

17 Plaintiff states that he received the notice of the gang affiliation investigation on the
18 same day that he was placed in segregation. He states that the reports were based on
19 four sources. He states that several of the Defendants sat on a committee that reviewed
20 the reports and validated Plaintiff's gang status. As currently pleaded, Plaintiff received
21 notice of the hearing and what evidence there was against him and he received a hearing.
22 However, Plaintiff does not describe, in any detail, the hearing or evidence presented
23 against him or whether he was given the opportunity to submit a statement.

24 Therefore, Plaintiff fails to state a due process claim. Plaintiff will be given one
25 additional opportunity to amend his complaint. In his amended complaint, Plaintiff must
26 describe in greater detail his claim including, but not limited to, whether he was afforded
27 the opportunity to state his views.
28 ///

**B.     Prison Appeals Procedure Claim**

Plaintiff appears to be alleging that his appeals were wrongly denied by Defendants Harris, Ostrander, Pfeiffer, Chrones, Batchelor, and Grannis.

Defendants' actions in responding (or failing to respond) to Plaintiff's appeals alone cannot give rise to any claims for relief under Section 1983 for violation of due process. Interests protected by the Due Process Clause may arise from two sources—the Due Process Clause itself and laws of the states. See Meachum v. Fano, 427 U.S. 215, 223-27 (1976). There is no constitutional right to a prison administrative appeal or grievance system. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003). However, California Code of Regulations, title 15 section 3084 et seq. grants state prisoners the right to a prison appeals process. The regulations are purely procedural—they require the establishment of a procedural structure for reviewing prisoner complaints and set forth no substantive standards. Instead, they provide for flexible appeal time limits, see Cal. Code Regs. tit. 15, § 3084.6, and, at most, that "no reprisal shall be taken against an inmate or parolee for filing an appeal," id. § 3084.1(d). A provision that merely sets procedural requirements, even if mandatory, cannot form the basis of a constitutionally cognizable liberty interest. Smith v. Noonan, 992 F.2d 987, 989 (9th Cir. 1993); see, e.g., Antonelli v. Sheahan, 81 F.3d 1422, 1430 (7th Cir. 1996) (prison grievance procedure is procedural right that does not give rise to protected liberty interest requiring procedural protections of Due Process Clause).

Accordingly, a prison official's failure to process grievances, without more, is not actionable under Section 1983. See Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993); see also Ramirez, 334 F.3d at 860 (prisoner's claimed loss of liberty interest in processing of his appeals does not violate due process because prisoners lack a separate constitutional entitlement to a specific prison grievance system). Although there is a First Amendment right to petition government for redress of grievances, there is no right to a response or any particular action. See Flick v. Alba, 932 F.2d 728, 729 (8th Cir. 1991) ("prisoner's right to petition the government for redress . . . is not compromised by the

prison's refusal to entertain his grievance.").

Thus, because he has neither a liberty interest nor a substantive right to an inmate appeal, Plaintiff fails to state a claim in this regard. Because amendment of this claim would be futile, the Court advises Plaintiff that he would be well-served devoting his energy to pursuing his other claims.

## V.     CONCLUSION AND ORDER

The Court finds that Plaintiff's Complaint fails to state any Section 1983 claims upon which relief may be granted. The Court will provide Plaintiff time to file an amended complaint to address the potentially correctable deficiencies noted above. See Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). In his Amended Complaint, Plaintiff must demonstrate that the alleged incident or incidents resulted in a deprivation of his constitutional rights. Iqbal, 129 S.Ct. at 1948-49. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555). Plaintiff must also demonstrate that each defendant personally participated in the deprivation of his rights. Jones, 297 F.3d at 934.

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new defendants or claims. Plaintiff should focus the amended complaint on claims and defendants discussed herein.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Based on the foregoing, it is HEREBY ORDERED that:

1.      Plaintiff's Complaint is dismissed for failure to state a claim, with leave to file

an amended complaint within thirty (30) days from the date of service of this order;

2. Plaintiff shall caption the amended complaint "First Amended Complaint" and refer to the case number 1:10-cv-1115-GBC (PC); and

3. If Plaintiff fails to comply with this order, this action will be dismissed for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.

Dated:  June 9, 2011

_____
UNITED STATES MAGISTRATE JUDGE