1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

7
8

### EASTERN DISTRICT OF CALIFORNIA

9

| LONNIE DONELL PERKINS | CASE NO. 1:10-cv-01115-GBC (PC) |

10
                  Plaintiff,                ORDER DISMISSING COMPLAINT FOR
    v.                             FAILURE TO STATE A CLAIM

11
12
R. CRUM, et al.,                      (ECF No. 11)

               Defendants.       CLERK TO CLOSE CASE

13
                                    /

14

## SCREENING ORDER

15

**I.    PROCEDURAL HISTORY**

16
17
        Plaintiff Lonnie Donell Perkins ("Plaintiff") is a state prisoner proceeding pro se and

18
in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this

19
action on June 21, 2010 and consented to Magistrate Judge jurisdiction on July 26, 2010.

20
(ECF Nos. 1 & 5.)   No other parties have appeared.  Plaintiff's original complaint was

21
dismissed with leave to amend.  (ECF No. 10.)  Plaintiff filed a First Amended Complaint

22
on July 14, 2011.  (ECF No. 11.)  It is this First Amended Complaint that is now before the

23
Court for screening.  For the reasons set forth below, the Court finds that Plaintiff has failed

24
to state any claims upon which relief may be granted.

**II.    SCREENING REQUIREMENTS**

25
26
        The Court is required to screen complaints brought by prisoners seeking relief

27
against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

28
§ 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has

1

1  raised claims that are legally "frivolous or malicious," that fail to state a claim upon which

2  relief may be granted, or that seek monetary relief from a defendant who is immune from

3  such relief.  28 U.S.C. § 1915A(b)(1), (2).  "Notwithstanding any filing fee, or any portion

4  thereof, that may have been paid, the court shall dismiss the case at any time if the court

5  determines that . . . the action or appeal . . . fails to state a claim upon which relief may be

6  granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

7      A complaint must contain "a short and plain statement of the claim showing that the

8  pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are

9  not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by

10  mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949

11  (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set

12  forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its

13  face.'"  Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555).  While factual

14  allegations are accepted as true, legal conclusions are not.  Iqbal, 129 S.Ct. at 1949.

15  **III.    SUMMARY OF COMPLAINT**

16      Plaintiff alleges violations of his Fourteenth Amendment right to due process and

17  Eighth Amendment right to be free from cruel and unusual punishment.  Plaintiff names

18  the following individuals as Defendants: R. Crum, Kern Valley State Prison ("KVSP")

19  correctional officer; J.R. Garza, KVSP correctional lieutenant; Everett W. Fischer, special

20  agent, Office of Correctional Safety ("OCS"); G. Williams, special agent, OCS; M. Ruff,

21  special agent, OCS; and R. Clemons, correctional officer at Los Angeles County State

22  Prison.

23      Plaintiff alleges as follows: On August 14, 2006, Plaintiff was placed in segregation

24  for an investigation into his alleged association with a prison gang.  Plaintiff was issued a

25  validation packet which included four sources claiming Plaintiff had ties to the prison gang.

26  All of the source reports were authored by Defendant Crum: 1) dated May 16, 2006,

27  regarding a tattoo on Plaintiff's chest which was a symbol for the gang; 2) dated June 1,

28  2006, based on a review of Plaintiff's address book which included known gang members;

1   3) date June 2, 2006, based on another entry in Plaintiff's address book of a known gang

2   member; and 4) dated July 28, 2006, based on a confidential disclosure from Defendant

3   Clemons dealing with letters to and from known gang members which were intercepted by

4   prison officials.  Plaintiff rebutted these sources in an interview conducted by Defendants

5   Crum and Garza on August 16, 2006.  During the interview, Plaintiff asked to see a copy

6   of a confiscated letter written by Plaintiff which was deemed confidential by officials.  He

7   did not receive a copy until September 2006.

8           Defendant Garza approved and submitted the gang validation packet on September

9   5, 2006 knowing that Plaintiff had not received full disclosure of evidence against him.

10  Defendants Fischer, Williams, and Ruff were on the committee that reviewed the reports

11  and accepted all four sources as valid on October 4, 2006, validating Plaintiff as a gang

12  member.  As a result, Plaintiff was placed in the security housing unit ("SHU") for an

13  indeterminate sentence.

14          Plaintiff seeks declaratory and injunctive relief, compensatory and punitive

15  damages, and fees and costs.

16  **IV.    ANALYSIS**

17          The Civil Rights Act under which this action was filed provides:

18              Every person who, under color of [state law] . . . subjects, or
                causes to be subjected, any citizen of the United States . . . to
19              the deprivation of any rights, privileges, or immunities secured
                by the Constitution . . . shall be liable to the party injured in an
20              action at law, suit in equity, or other proper proceeding for
                redress.
21

22  42 U.S.C. § 1983.  "Section 1983 . . . creates a cause of action for violations of the federal

23  Constitution and laws."  Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir.

24  1997) (internal quotations omitted).

25          **A.     Due Process Claim**

26          Plaintiff alleges that his due process rights under the Fourteenth Amendment were

27  violated by Defendants Crum, Clemons, Garza, Fischer, Williams, and Ruff.

28          The Due Process Clause protects prisoners from being deprived of liberty without

1    due process of law.  Wolff v. McDonnell, 418 U.S. 539, 556 (1974).  In order to state a

2    cause of action for deprivation of procedural due process, a plaintiff must first establish the

3    existence of a liberty interest for which the protection is sought.  Id.  Liberty interests may

4    arise from the Due Process Clause itself or from state law.  Hewitt v. Helms, 459 U.S. 460,

5    466–68 (1983).  The Due Process Clause itself does not confer on inmates a liberty

6    interest in being confined in the general prison population instead of administrative

7    segregation.  See id.  With respect to liberty interests arising from state law, the existence

8    of a liberty interest created by prison regulations is determined by focusing on the nature

9    of the deprivation.  Sandin v. Conner, 515 U.S. 472, 481–84 (1995).  Liberty interests

10   created by prison regulations are limited to freedom from restraint which "imposes atypical

11   and significant hardship on the inmate in relation to the ordinary incidents of prison life."

12   Id. at 484.  The Court will assume without deciding that Plaintiff has alleged a liberty

13   interest in not being validated as a gang member and placed in administrative segregation.

14          Placement in administrative segregation, or the Security Housing Unit ("SHU") if

15   done for administrative rather than disciplinary purposes, requires notice to the prisoner,

16   an opportunity for the prisoner to submit information, and non-adversarial review of the

17   information supporting placement.  Toussaint v. McCarthy, 801 F.2d 1080, 1100 (9th Cir.

18   1986).  A prison gang validation proceeding is subject to the "some evidence" standard

19   where it is an administrative strategy rather than a disciplinary action.  Bruce v. Ylst, 351

20   F.3d 1283, 1287–88 (9th Cir. 2003) (citing Superintendent v. Hill, 472 U.S. 445, 455

21   (1985)).  There is no independent assessment of witness credibility or re-weighing of

22   evidence; rather "the relevant question is whether there is any evidence in the record that

23   could support the conclusion."  Hill, 472 U.S. at 455–56.

24          Plaintiff argues that Defendants violated his due process rights when they failed to

25   notify him that confidential information was placed in his file.  Plaintiff also argues that

26   Defendants failed to give him all of the required due process during the gang validation

27   process. Specifically, Plaintiff argues that he did not receive a fair hearing and that he was

28   not allowed to fully rebut the allegations against him because he did not receive a copy of

1  the confidential letter until September 2006,

2      Based on Plaintiff's general allegations regarding SHU conditions, the Court will

3  assume the existence of a liberty interest in being free from an indeterminate SHU term.

4  See Wilkinson v. Austin, 545 U.S. 209, 223–24 (2005) (finding a liberty interest in avoiding

5  indefinite confinement in Ohio's "Supermax" facility).  However, there are no facts alleged

6  which would support a claim that Plaintiff was assessed an indeterminate SHU term

7  without the minimal protections he is due under federal law.  Bruce, 351 F.3d at 1287.

8  Plaintiff states that he received the notice of the gang affiliation investigation on the same

9  day that he was placed in segregation.  He describes the four source reports, which means

10  he was aware of their contents.  He eventually got to see the letter deemed confidential.

11  The reports appear to meet the "some evidence" requirement. As currently pleaded,

12  Plaintiff received notice of the hearing, notice of what evidence there was against him, and

13  he received a hearing.  He also was afforded the opportunity to rebut the sources in an

14  interview and during the committee review hearing.  As pleaded, Plaintiff does not state a

15  due process claim.

16      Plaintiff was given the appropriate legal standards for stating Fourteenth

17  Amendment due process claims in the Court's prior Screening Order. (ECF No. 10.)

18  Plaintiff was specifically informed that he had not stated any facts that suggested any lack

19  of due process.  In fact, his statements lend themselves toward finding sufficient due

20  process. Plaintiff's amended complaint, while more descriptive as to the evidence against

21  him, does not meaningfully address the deficiencies noted by the Court.  The Court finds

22  that Plaintiff's due process claims are not capable of being remedied by granting further

23  leave to amend.

24  **B.    Cruel and Unusual Punishment**

25      In its Screening Order, the Court noted that Plaintiff was not to add claims to his

26  amended complaint.   Plaintiff disregarded these instructions and, In his amended

27  complaint included an Eighth Amendment claim. Plaintiff alleges that he is being subjected

28  to cruel and unusual punishment because he is being housed in the SHU.

1    The Eighth Amendment's prohibition of cruel and unusual punishment requires that

2    prison officials take reasonable measures for the safety of inmates.  See Farmer v.

3    Brennan, 511 U.S. 825, 834 (1994).  A prison official violates the Eighth Amendment only

4    when two requirements are met:  (1) the deprivation alleged is, objectively, sufficiently

5    serious, and (2) the official is, subjectively, deliberately indifferent to the inmate's safety.

6    See id.  "[O]nly those deprivations denying 'the minimal civilized measure of life's

7    necessities,' are sufficiently grave to form the basis of an Eighth Amendment violation."

8    Wilson v. Seiter, 501 U.S. 294, 298 (1991) (internal citation omitted).

9    Prison conditions only rise to the level of cruel and unusual punishment if they

10   amount to the deprivation of adequate food, clothing, shelter, sanitation, medical care, or

11   personal safety.  See Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986).  Plaintiff

12   must allege that he was denied "the minimal civilized measure of life's necessities."

13   Nothing in Plaintiff's complaint suggests that being housed in the SHU can be equated to

14   the denial of the minimal civilized measure of life's necessities.  Further, Plaintiff does not

15   allege that there was any risk to Plaintiff's health or safety or that Defendants acted with

16   deliberate indifference by purposefully ignoring a known risk to Plaintiff's health or safety.

17   Plaintiff fails to state any claims under the Eighth Amendment based on his placement in

18   the SHU.  Thus, the Court finds that amendment of this claim would be futile.

19   **V.    CONCLUSION AND ORDER**

20   The Court finds that Plaintiff's First Amended Complaint fails to state any Section

21   1983 claims upon which relief may be granted against the named Defendants.  Under Rule

22   15(a) of the Federal Rules of Civil Procedure, leave to amend "shall be freely given when

23   justice so requires."  In addition, "[l]eave to amend should be granted if it appears at all

24   possible that the plaintiff can correct the defect."  Lopez v. Smith, 203 F.3d 1122, 1130 (9th

25   Cir. 2000) (internal citations omitted).  However, in this action, Plaintiff filed two complaints

26   and received substantial guidance from the Court in its Screening Orders.  (ECF Nos. 1,

27   10, & 11.)  Even after receiving the Court's guidance, Plaintiff failed to make alterations or

28   to include additional facts to address the noted deficiencies.  Because of this, the Court

1   finds that the deficiencies outlined above are not capable of being cured by amendment,

2   and therefore orders that further leave to amend not be granted.   28 U.S.C. §

3   1915(e)(2)(B)(ii).

4          Accordingly, based on the foregoing, the Court HEREBY ORDERS that this action

5   be DISMISSED in its entirety, WITH PREJUDICE, for failure to state a claim upon which

6   relief may be granted.

7   IT IS SO ORDERED.

8   Dated:     July 20, 2011

9                                                            UNITED STATES MAGISTRATE JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28